WESTERN DIST.
September, 1840.

CONNELLY *vs.* CHEEVERS.

CONNELLY
*vs.*
CHEEVERS.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARTIN, THE JUDGE OF THE SEVENTH PRESIDING.

The surviving partner cannot sue for a partnership debt, when he has not joined the representatives of the deceased partner, or has shown no authority as liquidator of the partnership affairs.

This is an action instituted by F. Connelly, who sues as surviving partner of the commercial firm of P. Connelly & Son, consisting of his father and himself, and lately trading under that style in New-Orleans. The suit is instituted on two promissory notes, signed by the defendant and made payable to said *firm.*

The defendant pleaded a general denial, and averred that the firm of P. Connelly & Son had failed, made a cession of their property, and that a syndic was appointed, who alone was authorized to collect the debts of the firm.

This suit had been at issue nearly two years, and when called for trial, the defendant prayed a continuance, to afford him time to obtain the papers and proceedings, relating to the insolvency of the plaintiff's firm, from New-Orleans, which his former counsel informed him were in his possession, but having removed from the district, he had not time to procure them in season for the trial. It appeared that at a former term, a continuance had been granted.

The district judge overruled the application for a continuance, and on the face of the pleadings, gave judgment for the plaintiff, and the defendant appealed.

*Morse,* for the plaintiff, insisted on the affirmance of the judgment. The continuance was properly refused ; ample time was given, and a continuance already granted to procure the testimony and papers required. The defendant was guilty of *laches,* and judgment was properly given against him.

*Splane*, contra, urged the impropriety in refusing a continuance. The first attorney employed had possession of all the papers and had removed from the district ; and the last one had not been put in possession of the testimony necessary to try the case. The case was tried without testimony.

*Martin, J.*, delivered the opinion of the court.

The plaintiff sues, as surviving partner, on two promissory notes given by the defendant to the firm. The latter pleaded the general issue, and that the plaintiff cannot maintain the action because the firm had made a *cessio bonorum.*

The plaintiff had judgment and the defendant appealed.

There is a bill of exception taken to the opinion of the court, refusing a continuance to the defendant. The conclusion to which we have come, has rendered our attention to this bill of exception unnecessary.

It appears to us that the action is not maintainable. In the case of *Crosier* vs. *Hodge, 3 Louisiana Reports,* 353, this court held that "a partner, *as such*, has no right to sue for, or receive the debts *due the firm*, after the death of a co-partner." It was also held in the case of *Culler* vs. *Cochran*, 13 *Louisiana Reports*, 484, that "on a dissolution of the firm by the death of a partner, the surviving partner cannot sue, without joining the representatives of the deceased." The plaintiff in this case has not brought his suit in such a form as to entitle him to recover.

The surviving partner cannot sue for a partnership debt, when he has not joined the representatives of the deceased partner, or has shown no authority as liquidator of the partnership affairs.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed, and that there be judgment against the plaintiff as in case of non-suit, with costs in both courts.